UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. C16-6032 RBL |
| Plaintiff, | Criminal Case No. CR13-5464RBL |
| v. | SECOND ORDER ON REVIEW OF REFUSAL TO RECUSE |
| PATRICK MCALLISTER, | |
| Defendant. | |

This matter comes before the Court on Defendant McAllister's Motion for Reconsideration of the Court's prior Orders declining to disqualify U.S. District Judge Ronald B. Leighton from hearing the instant Section 2255 petition.  Dkt. #12.  Upon review of the motion, Judge Leighton declined to grant reconsideration.  Dkt. #16.  In accordance with the Local Rules of this District, Defendant's motion was referred to the Undersigned for a review of Judge Leighton's refusal to recuse.  LCR 3(e).

In his motion for reconsideration, Defendant argues that Judge Leighton's long-standing professional relationship with his criminal defense attorney, Lance Hester, prejudiced him in his criminal case.  Dkt. #12.  It appears that Mr. McAllister is referring to a hearing on a motion to withdraw as counsel made by Mr. Hester, wherein Mr. McAllister also sought to withdraw his guilty plea.  Criminal Case No. CR13-5464RBL, Dkt. #69 at 2-4.  After a lengthy argument between Mr. McAllister and Judge Leighton about whether Mr. McAllister was lying to Judge

Leighton and why he would not be able to move to withdraw his guilty plea at that time,[1] the

hearing concluded with Judge Leighton appointing new counsel and directing Mr. McAllister to

_____

[1] In particular, Mr. McAllister complains about the following exchange:

> THE COURT: All right. One step at a time. There is ample grounds for Mr. Hester to withdraw, and I am signing the order at this time. Then, I have reviewed your financial affidavit and I approve your indigency status. I have signed that. And so you will be appointed an attorney from the panel. And then and only then will you counsel with your new lawyer and file a motion supported by legal grounds for withdrawing your plea.

> THE DEFENDANT: I can't do that now, sir?

> THE COURT: No.

> THE DEFENDANT: How come? Under certain cases, if a lawyer is threatening to withdraw, that is a basis –

> THE COURT: Mr. McAllister, I know Mr. Hester very, very well.

> THE DEFENDANT: Yes, sir.

> THE COURT: And what you said, what you described him is nothing like the man I know.

> THE DEFENDANT: I'm sure you have seen – I'm sure you have seen a different man. He has lied to me. And I can get those reports.

> THE COURT: Talk to your lawyer, and your lawyer can file the papers, and I will -- I think a man should be the master of his own ship.

> THE DEFENDANT: That's what I am trying to be, the master of my own ship.

> THE COURT: Wait until you are given the opportunity, not now. You are not going to make these bald threats and disparaging comments about a member of the bar and expect me to turn somersaults. Withdrawing a plea is a serious matter.

> THE DEFENDANT: Yes, sir, it is.

> THE COURT: You are not represented now.

1  direct any questions about making a motion to withdraw his guilty pleas to his new counsel.

2  Criminal Case No. CR13-5464RBL, Dkt. #69.

3       "Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny

4  such motions in the absence of a showing of manifest error in the prior ruling or a showing of

5  new facts or legal authority which could not have been brought to its attention earlier with

6  reasonable diligence." LCR 7(h)(1). In this case, Mr. McAllister presents no persuasive

7  argument that this Court committed manifest error in its prior Order, nor any new facts or legal

8

9

10

11       THE DEFENDANT: I understand that. Threatening to withdraw if I don't
         take the plea under these cases here –

12
         THE COURT: I don't believe you. You need to come up with some more
13       evidence.

14       THE DEFENDANT: If I get those phone recordings?

15       THE COURT: I am not going to make promises to you. You are going to
         have a lawyer. A lawyer will be appointed. You can counsel with him, and
16       he can put the papers together, gather the evidence and submit it. This is not
         just a child's game now.

17
         THE DEFENDANT: I don't think it is a child's game. I am not lying to you,
18       sir. Why are you assuming I am lying?

19       THE COURT: I am not assuming you are lying. I just don't believe it on the
         representation of a
20       criminal -- of a convicted felon versus the person that I know.

21       THE DEFENDANT: That would mean you are saying I am lying?

22       THE COURT: No. No. No. No. You just don't drop accusations like
         gumballs from a machine. It takes corroborating evidence. Get the phone
23       calls. Do all of that stuff. You've got time on your hands.

24  Criminal Case No. CR13-5464RBL, Dkt. #69 at 4:18-6:24.

SECOND ORDER ON REVIEW OF REFUSAL TO
RECUSE- 3

authority which could not have been brought to the Court's attention earlier without reasonable diligence.

Defendant based his prior motion to recuse on his allegations of "a long-standing conflict of interest demonstrated in the record," a record which Defendant maintains is evidence of Judge Leighton's bias against him. Criminal Case No. 13-5464RBl, Dkt. #79 at 2.  The Undersigned reviewed that motion, and the remainder of the record, and ultimately concluded that Defendant had not provided adequate proof of bias or prejudice on the part of Judge Leighton.  Dkt. #8. The evidence upon which Defendant now bases his motion for reconsideration is nearly identical to that which formed the basis of his initial motion.  Nothing presented to the Court now convinces the Court that its prior determination should be changed.  For this reason, his motion for reconsideration (Dkt. #12) is DENIED.

The Court continues to find no evidence upon which to reasonably question Judge Leighton's impartiality and AFFIRMS his denial of Defendant's request that he recuse himself.

The Clerk SHALL provide copies of this order to Defendant and to all counsel of record.

Dated this 23rd day of March, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

SECOND ORDER ON REVIEW OF REFUSAL TO RECUSE- 4