HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK MCALLISTER,<br><br>                Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. C16-6032 RBL<br><br>ORDER ON MOTION TO DISMISS CONVICTION AND MOTION TO STAY PROBATION |

THIS MATTER is before the Court on *pro se* Petitioner Patrick McAllister's Motion to Dismiss Conviction Pursuant to Rule 60(b) [Dkt. 39][1] and his Motion to Stay Probation [Dkt. 46]. In 2012, McAllister was convicted by a jury in Jefferson County Superior Court of 31 counts of rape and assault against his non-citizen fiancée and sentenced to 250 months imprisonment. In 2013, McAllister pled guilty to a single count of immigration fraud (18 U.S.C. § 1546(a)) for making a false declaration on a Petition for Alien Fiancé(e) (I-129F) form that he submitted to federal immigration authorities. This Court sentenced McAllister to time served and one year of supervised release to commence after the completion of his state sentence. The Court

---
[1] McAllister filed an identical Motion to Dismiss Conviction in his related criminal case. *See United States v. Patrick McAllister*, 3:13-cr-5464-RBL, Dkt. 86.

also ordered several special conditions of supervision, including the requirement that McAllister undergo a sexual deviancy evaluation and participate in a certified sexual deviancy treatment program designated by the U.S. Probation and Pretrial Services Office. *See United States v. McAllister*, 3:13-cr-5464-RBL, Dkt. 62 at 4. McAllister appealed but the Ninth Circuit affirmed his conviction. McAllister's subsequent petition to vacate his conviction pursuant to 28 U.S.C. § 2255 was also denied. *See* Dkt. 1; Dkt. 29.

In July 2017, the Washington Court of Appeals (Division II) reversed McAllister's rape and assault convictions on ineffective assistance of counsel grounds. *In re McAllister*, 199 Wash. App. 1068 (Wash. Ct. App. 2017). McAllister now asserts that the reversal of his state convictions for rape and assault justify vacating his federal immigration fraud conviction. McAllister also seeks to delay the imposition of his supervised release pending the Court's ruling on his Rule 60 motion. The Government opposes McAllister's motions, arguing that the vacated state convictions are immaterial to McAllister's federal conviction, and that there is no grounds to delay the imposition of supervised release.

## I. LEGAL STANDARD

Courts have an obligation to construe a *pro se* petitioner's pleadings liberally. *See Balistreri v. Pacifica Police Dept*. 901 F.2d 696, 699 (9th Cir. 1990); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Fed. R. Civ. P. 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). This rule, however, is not intended to provide relief from a criminal judgment. *See United States v. Andrade-Larrios*, 39 F.3d 986, 988 (9th Cir. 1994). A § 2255 petition for habeas relief is the proper avenue for a prisoner in federal custody to petition the court that sentenced him to vacate,

set aside, or correct his sentence if it imposed his sentence "in violation of the Constitution or laws of the United States" or lacked "jurisdiction to impose such sentence," or if his sentence exceeded "the maximum authorized by law" or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The obtain relief, the movant must prove, by a preponderance of the evidence, the existence of an error rendering his conviction unlawful. *See Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997). The petitioner bears the burden of establishing any factual predicates necessary to establish his claims. *See Grady v. United States*, 929 F.2d 468, 471 (9th Cir. 1991). A second or successive habeas petition must be preauthorized by the Court of Appeals before it can be considered by the district court. *See* 28 U.S.C. § 2255(h)(1); 28 U.S.C. § 2244(b); *Crosby*, 545 U.S. at 531–32.

## II. ANALYSIS

### A. Rule 60(b) Motion to Vacate Criminal Conviction

McAllister already filed a § 2255 petition challenging his immigration fraud conviction, arguing that his plea was involuntary, that the Government withheld exculpatory evidence, and that his lawyer failed to competently represent him. Dkt. 1. The Court denied the petition, determining McAllister's knowing and voluntary waiver of his appellate rights procedurally barred his collateral attack on his conviction. Dkt. 29. The Court also rejected McAllister's ineffective assistance of counsel claim as meritless. *Id*. Both this Court and the Ninth Circuit declined to issue a certificate of appealability. *Id*. at 5; Dkt. 38.

McAllister now purports to challenge his immigration fraud conviction under Fed. R. Civ. P. 60(b). Dkt. 39; Dkt. 48 at 2. But, as the U.S. Supreme Court observed, "[v]irtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Crosby*, 545 U.S. at 531. The Court must treat McAllister's Rule 60(b) motion to vacate his

immigration fraud conviction as a successive § 2255 petition. The Court may not adjudicate McAllister's second § 2255 petition absent prior authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255(h)(1); 28 U.S.C. § 2244(b). Because McAllister has not received authorization to file a subsequent § 2255 petition, his motion [Dkt. 39] is **DENIED**.

Even if McAllister's second § 2255 petition were properly before the Court, the reversal of his state convictions has no bearing on his federal conviction for immigration fraud. McAllister repeatedly conflates his state rape and assault convictions, which were reversed by the Washington Court of Appeals, with his federal conviction for making a false declaration on the I-129F form, which has been affirmed by the Ninth Circuit. *See United States v. McAllister*, 634 F. App'x 202 (9th Cir. 2015) (holding McAllister's waiver of his appellate rights in his plea agreement was knowing and voluntary, and that the government did not breach the plea agreement by recommending special conditions of supervised release). McAllister's assertion that the state case and the federal case "were 100% integrated, where the Federal case is predicated on the state conviction" is simply incorrect. Dkt. 39 at 1. McAllister was charged with different crimes, by different sovereigns, adjudicated in separate proceedings before different courts. Although the state charges against McAllister may have ultimately brought the attention of federal immigration authorities to McAllister's immigration fraud, the state rape and assault charges are otherwise unrelated to the federal immigration fraud conviction.

**B. Motion to Stay Probation**

McAllister "moves this Court for a stay of his probation until petitioner's motion to dismiss and or the Supreme Court decides to issue a (COA) or not." Dkt. 46 at 1. The Court has denied McAllister's Rule 60(b) motion above, and there is no indication from the docket that McAllister has filed a petition for certiorari with the U.S. Supreme Court. The Court determines that there are no grounds which justify staying McAllister's term of supervised release, which

ORDER ON MOTION TO DISMISS CONVICTION
AND MOTION TO STAY PROBATION - 4

began when McAllister was released from state custody on October 20, 2017. Accordingly, McAllister's motion to stay supervised release is **DENIED**.

Construing McAllister's motion liberally, the Court also interprets it as a request to modify the special conditions of supervision requiring McAllister to undergo sexual-deviancy evaluation and treatment. The Government requests the opportunity to confer with the Probation Office and respond separately regarding modifications to McAllister's supervised release. Accordingly, the Court **STAYS** Special Conditions of Supervision Nos. 3 and 4. The Government shall file a response stating its position as to whether a modification removing these special conditions of supervision is appropriate in light of the reversal of McAllister's state rape convictions by December 13, 2017.

### III. CONCLUSION

- McAllister's identical Motions to Dismiss Conviction Pursuant to Rule 60(b) [Dkt. 39, 3:16-cv-6032 (civil case); Dkt. 86, 3:13-cr-5464 (criminal case)] are **DENIED**.
- McAllister's Motion to Stay Probation [Dkt. 46] is **DENIED**.
- Special Conditions of Supervision Nos. 3 and 4 [Dkt. 62, 3:13-cr-5464-RBL] are **STAYED**. The Government shall file a response by December 13, 2017 addressing whether special conditions mandating sexual deviancy evaluation and treatment designated by the U.S. Probation Office are warranted.

IT IS SO ORDERED.

Dated this 28th day of November, 2017.

Ronald B. Leighton
United States District Judge